UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE KRAUSS, aka DEONTE KRAUSS, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART, INC., a Delaware corporation; WAL-MART ASSOCIATES, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:19-cv-00838-JAM-DB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Hope Krauss ("Plaintiff") brings this putative class action against her former employer, Defendants Walmart, Inc. and Wal-Mart Associate, Inc. (collectively "Walmart" or "Defendants"), for violating California's labor laws. First Amended Compl. ("FAC"), ECF No. 10. Defendants move to dismiss Plaintiff's claims. Mot. to Dismiss ("Mot."), ECF No. 14.

For the reasons set forth below, the Court GRANTS Defendants' motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 22, 2019.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff Hope Krauss, a resident of California, worked as a full-time associate in the produce and meat departments at Defendants' Walmart Supercenter in West Sacramento, California, from September 16, 2017 to October 22, 2018. FAC. ¶ 3. Plaintiff contends Walmart committed a litany of California Labor Code violations—each one, primarily hinging upon the allegation that Walmart did not pay her all that she was owed. See generally FAC. Plaintiff claims Walmart (1) required her to work off the clock and during meal and rest breaks without compensation; (2) inaccurately recorded the amount of time she worked; (3) refused to compensate her for overtime hours; (4) failed to reimburse her for necessary business-related expenses; (5) and generally withheld funds she was entitled to upon her termination. FAC ¶¶ 4-9. Moreover, she alleges Walmart committed at least two of these violations—failure to pay wages due upon termination and failure to provide accurate wage statements—knowingly and intentionally. FAC ¶¶ 40-43.

On November 29, 2018, Plaintiff filed her Complaint in Sacramento County Superior Court. Id. ¶ 1. Walmart removed the case to federal court on May 10, 2019, alleging jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Notice of Removal, ECF No. 1, at 2; 28 U.S.C. § 1332(d). Plaintiff later filed an amended complaint, ECF No. 10, alleging eight violations of the California Labor Code and a claim under California's Unfair Competition Law ("UCL"). Id. ¶¶ 53-58; Cal. Bus. & Prof. Code §§ 17200 et. seq. Plaintiff asserts each claim as an "aggrieved employee" and on behalf of other current and former

2

Walmart employees under the California Private Attorneys General Act of 2004 ("PAGA"). Id. ¶¶ 59-63.

Walmart moves to dismiss the First Amended Complaint, in its entirety, for failure to state a claim. Mot. at 2. Plaintiff opposes the motion. Opp'n, ECF No. 17.

## II.  OPINION

### A.  Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Courts must dismiss a suit if the plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This plausibility standard requires "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "At this stage, the Court "must accept as true all of the allegations contained in a complaint." Id. But it need not "accept as true a legal conclusion couched as a factual allegation." Id.

### B.  Judicial Notice

Generally, when deciding a 12(b)(6) motion, the Court "may not consider materials outside the complaint and pleadings." Holland v. TD Ameritrade, Inc., No. CIV S-10-2110-GEB, 1012 WL 592042, at *2 (E.D. Cal. Feb. 22, 2012). However, Federal Rule

of Evidence 201 allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be questioned." Id.

Defendants ask this Court to take judicial notice of Plaintiff Hope Krauss's wage statements for purpose of assessing Plaintiff's Sixth Cause of Action. Mot. at 2. Defendants contend that judicial notice is appropriate because these wage statements form the basis of Plaintiff's inaccurate wage statement claim. Id. Plaintiff has not opposed this request. Rather, Plaintiff relies on this exhibit in her Opposition. Opp'n at 10. Because Walmart's wage statements "can be accurately and readily determined" as an official wage statement and because Plaintiff does not dispute this request, the Court will take judicial notice of the existence of Walmart's wage statements.

C. Analysis

1. Failure to Provide Meal Period and Rest Breaks

An employer must provide an employee with a thirty-minute meal period for every five hours of work. See Cal. Lab. Code § 512(a). An employer cannot require an employee to work during meal period or rest breaks. Id. at § 226.7(b). Moreover, an employer shall pay an additional hour of pay for each workday that a meal period or rest break is not provided. Id. at § 226.7(b).

Plaintiff alleges Defendants failed to provide her and class members with required meal periods and rest breaks. FAC

4

¶¶ 19-26. Defendants argue Plaintiff's allegations are conclusory because she fails to specify how Walmart impeded her from taking her breaks. Mot. at 11. The Court agrees.

To survive a Rule 12(b)(6) motion to dismiss, Plaintiff need not make "detailed factual allegations." Twombly, 550 U.S. at 555. But her "factual allegations must be enough to raise a right to relief above the speculative level." Id. This requires factual allegations that are "more than labels and conclusions." Id. Indeed, this Court has previously held that failing to describe what an employer actually told plaintiff or did to interfere with meal periods and rest breaks, results in allegations that are "factually lacking and border on wholly conclusory." Chavez v. RSCR California, Inc., No. 2:18-CV-03137-JAM-AC, 2019 WL 1367812 at *3 (E.D. Cal. Mar. 26, 2019); see also Morrelli v. Corizon Health Inc., 1:18-CV-1395-LJO-SAB, 2018 WL 6201950, at *3 (E.D. Cal. November 28, 2018).

Plaintiff sets forth a single sentence in support of each claim. FAC ¶ 4-5. She alleges Defendants' violations flowed from "workload demands or from managerial employees ordering her to complete work tasks" either prior to taking the required break or before completing her required break. Id. Plaintiff maintains her claim is properly pled since she has "describe[d] how her meal and rest breaks were interrupted and with what frequency." Opp'n at 6. Plaintiff further contends that she need not plead a "particular instance" when these alleged violations occurred. Opp'n at 6. Plaintiff is mistaken.

Plaintiff fails to "describe what [Walmart] actually told [her] or did to interfere with meal periods and rest breaks."

5

Chavez, 2019 WL 1367812 at *3.  Moreover, Plaintiff does not sufficiently allege that she worked a shift long enough to trigger meal or rest periods obligations.  As this Court determined in Chavez, "failure to plead at least one occasion on which she was impeded from taking a meal or rest break likely runs afoul of the Ninth Circuit's decision in Landers v. Quality Communications, Inc., 771 F.3d 638 9th Cir. 2014)." Chavez, 2019 WL 1367812 at *3; see also Landers, 771 F.3d at 645-46 (holding that "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week.").

Accordingly, Plaintiff's allegations fall short of plausibility.  At a minimum, Plaintiff must demonstrate that she was even entitled to the required meal period or rest breaks during those work days.  For the aforementioned reasons, the Court DISMISSES Plaintiff's meal period and rest breaks WITHOUT PREJUDICE.

### 2. Failure to Pay Minimum and Overtime Wages

California state law requires an employer to pay employees the minimum wage for all hours worked.  See Cal. Lab. Code § 1197.  Additionally, employers must pay overtime for work exceeding eight hours in one workday and forty hours in any workweek.  See Id. § 510.  An employee receiving less than the legal minimum wage or legal overtime compensation is entitled to recover in a civil action.  See Id. § 1194.

Defendants argue Plaintiff's minimum and overtime wage claims fail for three reasons: (1) Plaintiff does not specify a

single work week where she worked over 40 hours per week and was not paid overtime, (2) Plaintiff has not provided any specific details regarding the nature of her alleged overtime work, and (3) Plaintiff does not specify what managerial employees supposedly said that led Plaintiff to believe she was expected to work overtime. Mot. 12-14. Plaintiff maintains that she has sufficiently plead each claim, and that Defendants' interpretation of what Rule 12(b)(6) requires "demand[s] too much at this stage." Opp'n at 7.

Plaintiff correctly asserts that she is not required to "approximate the number of hours worked without compensation." Opp'n at 7 (quoting Landers, 771 F.3d at 646). However, to survive a motion to dismiss, she must allege, at a minimum, that she worked more than forty hours in a given workweek without overtime compensation. Landers, 771 F.3d at 644-46. Plaintiff has not done this. See Mot. at 12.

Plaintiff merely states that she and class members "were required to work off the clock and through meal breaks." Opp'n at 6; FAC ¶¶ 4-6,29,33. Plaintiff has thus only presented "generalized allegations." Landers, 771 F.3d at 646. "Notably absent" from Plaintiff's complaint is "any detail regarding a given workweek when [Plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." Id. For this reason alone, Plaintiff's minimum wage and overtime claims fail. The Court thus need not address the two other reasons Defendants provide in support of dismissing these claims. The Court DISMISSES Plaintiff's minimum and overtime wage claims WIHOUT PREJUDICE.

### 3. Failure to Pay All Wages Due to Discharged and Quitting Employees

An employer is required to pay all earned and unpaid wages to an employee who is discharged. See Cal. Lab. Code §§ 201-03. These wages are due and payable immediately upon discharge. See Id. § 201. Accrued wages must be paid within 72 hours. See Id. § 202. Willfully failing to do so, makes an employee liable for waiting time penalties in the form of continued compensation to the employee for up to 30 workdays. See Id. § 203.

Plaintiff's claim for failure to pay accrued wages is premised on Defendants alleged failure to compensate her for overtime and minimum wages resulting from lack of meal periods and rest breaks. FAC §§ 36-41; Mot. at 17. Because Plaintiff's underlying causes of actions fail, this derivative claim fails as well. The Court therefore DISMISSES this claim WITHOUT PREJUDICE.

### 4. Failure to Furnish Accurate Itemized Wage Statements

California Labor Code Section 226 itemizes nine categories of information that must be included in a wage statement. See Cal. Lab. Code § 226. If an employee suffers injury by an employer's knowing and intentional failure to provide such information, she is entitled to recover damages as prescribed in the statute and reasonable attorney's fees. Id.

Plaintiff alleges that Defendants:

> "[F]ailed to provide PLAINTIFF and CLASS MEMBERS timely and accurate itemized wage statements in writing showing [the nine required categories of information], in violation of California Labor Code § 226 and IWC Wage Order No. 1-2001, §7."

FAC ¶ 43. As Defendants correctly point out, "[t]his generic allegation merely restates the requirements of Labor Code section 226(a)." Accordingly, this "formulaic recitation of the elements of [this] cause of action" is not sufficient to adequately plead this claim. Twombly, 550 U.S. 544.

Even more inimical to Plaintiff's claim, Defendants argue it is "derivative of her alleged wage and hour claims" and therefore forbidden. Reply at 4; see Maldonado v. Epsilon Plastics, Inc. 22 Cal. App. 5th 1308, 1337 (2018) (holding that a plaintiff is not entitled to double recovery when their inaccurate wage statement claim "boils down to the proposition that any failure to pay overtime...also generates a wage statement injury."). The Court agrees. In their motion to dismiss, Defendants warned Plaintiff that although her claim was too vague to comprehend, if she was "attempting to allege a derivative wage statement claim" it was prohibited. Mot. at 14. But in her opposition, Plaintiff confirms her derivative wage allegations by clarifying that her meal period, rest breaks, and overtime claim allegations are "sufficient facts from which it could be inferred that [Walmart] deliberately failed to pay wages for time worked, as required to state a clam [under Section 226]." Opp'n at 10. Plaintiff's claim thus fails as a matter of law.

Finally, Plaintiff attempts to shoehorn a new allegation into her complaint by way of her opposition. Pointing to the wage statements the Court judicially noticed, Plaintiff argues that Defendants' wage statements list the wrong employer. Opp'n at 9. This allegation is nowhere to be found in Plaintiff's

9

complaint. Mot. at 5. The Court will not accept this new theory, since "facts articulated in [an] opposition brief cannot cure the deficiencies of the complaint." Morrelli, 2018 WL 6201950, at *3.

For these reasons, the Court DISMISSES Plaintiff's itemized wage statement claim WITHOUT PREJUDICE.

### 5. Failure to Maintain Required Records

Employers are required to maintain payroll records for three years at their place of employment or in a central location in the state. See Cal. Lab. Code. 1174(d); see also IWC Wage Order No. 7-2001, § 7. To properly state this claim, a plaintiff must plead facts that provide "some reasonable basis" for concluding the employer violated this provision. Kemp v. Int'l Bus Machines Corp., No. C-09-4683 MHP, 2010 WL 4698490, at *4 (N.D. Cal. Nov. 8, 2010). Defendants argue Plaintiff's record-keeping claims are inadequately pled because they, again, "rest on conclusions, not facts." Mot. at 15. Plaintiff does not respond to this argument in her opposition. See generally Opp'n. The Court interprets Plaintiff's failure to oppose this argument as acquiescence of its merit. The Court therefore DISMISSES this claim WITH PREJUDICE.

### 6. Failure to Reimburse

Employers must indemnify employees for all necessary expenditures or losses incurred in direct consequence of the discharge of an employee's duties or in obedience to the directions of the employer. See Cal. Lab. Code § 2802(a). To state a claim under Section 2802, a Plaintiff must explain: how or when an employer failed to reimburse; the specific nature of

10

the business expense at issue; whether the employer knew such expenses were incurred; and whether the employer willfully refused to reimburse such expenses. Nelson v. Dollar Tree Stores, Inc., 2:11-cv-01334 JAM, 2011 WL 3568498, at *3 (E.D. Cal. Aug. 15, 2011). Plaintiff must also "provide a single instance when such cost was actually incurred and not reimbursed." Chavez, 2019 WL 1367812 at *3.

Plaintiff alleges that Defendants failed to reimburse her for two incurred expenses: (1) cell-phone app utilized for work communication and (2) work boots for working in walk-in freezers. FAC ¶ 7. Defendants argue Plaintiff's claims should be dismissed because "she does not provide a single instance when an alleged business expense was actually incurred and not reimbursed," nor does she specify the costs, nature of expense, employer knowledge, or willful refusal to reimburse of her cell phone expenses. Mot. at 7. The Court agrees.

Plaintiff fails to explain whether the cell-phone app required a fee to download, let alone whether Walmart even knew that she downloaded this app or purchased these boots. FAC ¶¶ 49-52. Because Plaintiff fails to allege even a single instance when Walmart did not reimburse her for reimbursement-eligible items, this claim fails. Chavez, 2019 WL 1367812 at *3. The Court DISMISSES this claim WITHOUT PREJUDICE.

   7. UCL Claim

Plaintiff's UCL claim is predicated on her preceding causes of actions for violations of the California Labor Code. FAC ¶¶ 53-58. Because Plaintiff failed to sufficiently plead those underlying causes of action, her UCL claim also fails. The

Court DISMISSES Plaintiff's UCL claim WITHOUT PREJUDICE.

### 8. PAGA Claims

Plaintiff's PAGA claims are likewise derivative of her claims under the California Labor Code. FAC ¶ 61. Because Plaintiff's underlying California Labor Code claims fail, her PAGA claim fails as well. The Court therefore need not address whether Plaintiff satisfied PAGA's exhaustion requirement. Mot. at 18. The Court DISMISSES Plaintiff's PAGA claim WITHOUT PREJUDICE.

### D. Defendants' Strike Request

In a footnote, Defendants' request that this court strike the putative class definition. Mot. at 8 n.1. Defendants argue this definition is overbroad because "most of Krauss's claims have one or three-year statutes of limitation." Id. Plaintiff did not respond to this request in her Opposition. However, the failure to respond does not change the fact that this was a procedurally improper request. Accordingly, the Court need not decide this issue.

### III. ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss. Because amendment is not futile, the Court grants Plaintiff leave to amend her claims, except for her seventh cause of action for failure to maintain required records, which is dismissed with prejudice. See Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv., Inc., 911 F.2d 242, 247 (9th Cir. 1990).

///

If Plaintiff elects to amend her complaint, she shall file a Second Amended Complaint within twenty (20) days of this Order. Defendants' responsive pleadings are due twenty (20) days thereafter.

IT IS SO ORDERED.

Dated: November 19, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE