1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9

10   HOPE KRAUSS, aka DEONTE            No.  2:19-cv-00838-JAM-DB
     KRAUSS, individually and on
11   behalf of all those similarly
     situated,
12                                      **ORDER GRANTING IN PART AND**
                   Plaintiff,           **DENYING IN PART DEFENDANTS'**
13                                      **MOTION TO DISMISS SECOND AMENDED**
          v.                            **COMPLAINT**
14
     WAL-MART, INC., a Delaware
15   corporation; WAL-MART
     ASSOCIATES, INC., a Delaware
16   corporation; and DOES 1
     through 50, inclusive,
17
                   Defendants.
18

19        Plaintiff Hope Krauss ("Plaintiff") filed this putative

20   class action against her former employer, Defendants Walmart,

21   Inc. and Wal-Mart Associate, Inc. (collectively "Walmart" or

22   "Defendants"), for violating California's labor laws.  Notice of

23   Removal, ECF No. 1.  Defendants filed a motion to dismiss

24   Plaintiff's First Amended Complaint ("FAC"), ECF No. 10, alleging

25   Plaintiff failed to properly state her claims.  Mot. to Dismiss

26   FAC ("FAC MTD"), ECF No. 14.  The Court granted the motion

27   without prejudice and granted Plaintiff leave to amend her

28   complaint.  November 19, 2019 Order ("Order"), ECF No. 20.

                                    1

1    Plaintiff filed her Second Amended Complaint shortly

2 thereafter.  Second Amended Compl. ("SAC"), ECF No. 21.

3 Currently before this Court is Defendants' motion to dismiss

4 Plaintiff's Second Amended Complaint for failing to cure its

5 prior deficiencies.  Mot. to Dismiss ("Mot."), ECF No. 24.

6 Plaintiff opposes this Motion.  Opp'n, ECF No. 25.

7    For the reasons set forth below, the Court GRANTS IN PART

8 and DENIES IN PART Defendants' motion. [1]

9

10    I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

11    The Parties are familiar with Plaintiff's allegations and

12 they will not be repeated in detail here.  In short, Plaintiff

13 alleges Walmart: (1) required her to work off the clock, and

14 during meal and rest breaks without compensation; (2)

15 inaccurately recorded the amount of time she worked; (3) refused

16 to compensate her for overtime hours; (4) failed to reimburse her

17 for necessary business-related expenses; (5) and generally

18 withheld funds she was entitled to upon her termination.  SAC

19 ¶¶ 4-9.

20

21    II.  OPINION

22    A.  Legal Standard

23    Federal Rule of Civil Procedure 8(a)(2) requires "a short

24 and plain statement of the claim showing that the pleader is

25 entitled to relief."  Fed. R. Civ. Proc. 8(a)(2).  Courts must

26

27 [1] This motion was determined to be suitable for decision without
oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28 scheduled for February 25, 2020.

2

1   dismiss a suit if the plaintiff fails to "state a claim upon

2   which relief can be granted." Fed. R. Civ. Proc. 12(b)(6).  To

3   defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must

4   "plead enough facts to state a claim to relief that is plausible

5   on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

6   (2007).  This plausibility standard requires "factual content

7   that allows the court to draw a reasonable inference that the

8   defendant is liable for the misconduct alleged." Ashcroft v.

9   Iqbal, 556 U.S. 662, 678 (2009).  "At this stage, the Court

10  "must accept as true all of the allegations contained in a

11  complaint." Id.  But it need not "accept as true a legal

12  conclusion couched as a factual allegation." Id.

13       B.   Analysis

14            1.   Meal and Rest Break Claims

15  Employers cannot require employees to work during meal and

16  rest breaks. Id. at § 226.7(b).  Moreover, an employer shall

17  pay an additional hour of pay for each workday a meal period or

18  rest break is not provided. Id.

19  The Court previously dismissed Plaintiff's meal period and

20  rest claims because they "[fell] short of plausibility." Order

21  at 6.  Relying on its previous decision in Chavez v. RSCR

22  California, Inc., the Court explained: "failing to describe what

23  an employer actually told plaintiff or did to interfere with

24  meal periods and rest breaks, results in allegations that are

25  'factually lacking and border on wholly conclusory.'" Id.

26  (quoting Chavez, No. 2:18-CV-03137-JAM-AC, 2019 WL 1367812 at *3

27  (E.D. Cal. Mar. 26, 2019)).  It then found Plaintiff's

28  allegations "factually lacking," because she failed to

1   (1) "describe what [Walmart] actually told [her] or did to

2   interfere with meal periods and rest breaks," and (2) did "not

3   sufficiently allege that she worked a shift long enough to

4   trigger meal or rest periods obligations." Id. at 5-6.

5   Defendants again seek to dismiss Plaintiff's meal period and

6   rest breaks, arguing they are still factually lacking. Mot. at

7   9. The Court agrees.

8       In its Order, the Court stated that "[a]t a minimum"

9   Plaintiff needed to demonstrate she was entitled to "the

10   required meal period[s] or rest breaks." Order at 6. Plaintiff

11   followed the Court's instructions in her SAC and alleged she

12   worked hours long enough to trigger the required meal or rest

13   periods. SAC ¶¶ 23,28. As to the meal periods claim, she

14   alleged that "despite working shifts of more than five (5)

15   hours, Plaintiff was unable to take timely duty-free, and

16   uninterrupted meal breaks. . . ." Id. ¶ 23. Likewise, in her

17   rest breaks claim, she added "on more than one occasion,

18   Plaintiff worked a shift of at least three and one-half (3.5)

19   hours without being able to take a timely, duty-free, and

20   uninterrupted rest break." Id. ¶ 28.

21       Plaintiff's amended claims, however, stop there and are

22   still insufficient because she fails to "describe what [Walmart]

23   actually told [her]" to deter her meal and rest breaks. Id. at

24   5 (citing Chavez, 2019 WL 1367812, at *3).

25       Plaintiff maintains she has adequately pled these two

26   claims because "California courts have found similar allegations

27   to be sufficient at the pleading stage." Opp'n at 5. But the

28   cases Plaintiff relies on are distinguishable. In Varsam v.

4

1  Laboratory Corp. of America, the plaintiff alleged she was

2  unable to take breaks because her employer did not schedule them

3  at all.  120 F. Supp. 3d 1173, 1178-79 (S.D. Cal. 2015).  The

4  court found such conclusory allegations are sufficient when "an

5  employer makes it difficult . . . or undermines a formal policy

6  of providing meal and rest periods."  Id.  In Ambriz v. Coca

7  Cola Co., a different court came to the same conclusion when the

8  plaintiff alleged the employer had a policy of never providing

9  breaks.  No. 13-cv-03539, 2013 WL 5947010 at *3 (N.D. Cal. Nov.

10 5, 2013).  But here, Plaintiff does not allege Walmart never

11 provided breaks.

12     Plaintiff's reliance on these cases is misplaced.  In fact,

13 in Ambriz the court explained that when an employer allegedly

14 pressured an employee not to take breaks, instead of never

15 providing breaks, the plaintiff must "plead the nature of the

16 pressure tactics."  Id. (citing Brown v. Wal-Mart Stores, Inc.,

17 No. 08-cv-5221, 2013 WL 1701581, at *5 (N.D. Cal. Apr. 18,

18 2013)).  Here Plaintiff has failed to identify any similar

19 "pressure tactics" engaged in by Walmart.   The Court therefore

20 DISMISSES Plaintiff's meal and rest break claims WITH PREJUDICE.

21          2.   Minimum Wage and Overtime Claims

22     The Court previously dismissed Plaintiff's minimum wage and

23 overtime claims because her FAC only included "generalized

24 allegations" in support of these claims.  Order at 7.

25 Specifically, the Court found Plaintiff had not met the minimum

26 requirement of alleging "she had worked more than forty hours in

27 a given workweek without overtime [and minimum wage]

28 compensation."  Id.  Because the claims failed for that reason

1   alone, the Court did not address Defendants' other arguments.

2   Id.  Defendants now seek dismissal of these two claims on the

3   grounds not previously addressed by the Court.

4       The Parties arguments regarding the minimum wage and

5   overtime claims are contained in the same section of the briefs;

6   however, because the Court finds different standards apply to

7   each claim, it will address each claim separately.

8                    a.   Minimum Wage

9       California state law requires an employer to pay employees

10  the minimum wage for all hours worked.  See Cal. Lab. Code

11  § 1197.  "[A]n employee receiving less than the legal minimum

12  wage" can recover "the unpaid balance of the full amount of this

13  minimum wage."  Id. at § 1194.

14      In Morelli v. Corizon Health, defendant allegedly did not

15  pay plaintiffs minimum wage, because they "remained under

16  [d]efendant's control" during meal and rest breaks.  No. 18-cv-

17  1395, 2018 WL 6201950, at *4 (E.D. Cal. Nov. 28, 2018).  The

18  court dismissed plaintiffs' claim because they failed to

19  factually allege "how [they] remained under [d]efendant's

20  control during break periods."  Id. (emphasis added).  Without

21  such factual allegations, Plaintiffs allegations were conclusory

22  and "could not form the basis of an adequately pled claim for

23  the failure to pay minimum wage."  Id.  Stated another way, the

24  court determined "[plaintiff's] allegations [] merely track[ed]

25  the statutory language of the Labor Code."  Id.

26      Defendants argue Plaintiff's minimum wage claim is likewise

27  devoid of any factual allegation showing how she remained under

28  their control during breaks.  Order at 11. Plaintiff does not

1  however allege she was under Defendants' control at all during

2  breaks.  See SAC ¶¶ 33-34.  Her allegation thus fails to even

3  track the "statutory language of the Labor Code."  Morelli, 2018

4  WL 6201950, at *4.

5      Plaintiff argues she need not provide facts alleging she

6  remained under Defendants control.  Opp'n at 6.  She contends it

7  is enough to allege Defendants "refuse[d] to allow employees to

8  work overtime while making it difficult for employees to

9  complete their work within their scheduled shifts."  Id. (citing

10  Varsam, 120 F. Supp. 3d at 1177-1178).  But, as Defendants point

11  out, Varsam is distinguishable because the plaintiff alleged

12  more than that defendant simply "'discouraged' her and putative

13  class members from clocking overtime."  Reply at 2-3 (citing

14  Varsam, 120 F. Supp. 3d at 1178)).  The plaintiff also alleged

15  defendant "failed to schedule a sufficient number of [patient

16  technicians]."  Varsam, 120 F. Supp 3d at 1178.  The court thus

17  declined to dismiss plaintiffs' minimum wage and overtime claims

18  because that additional allegation made it "plausible" her

19  employer prevented her from "[taking] breaks and undermine[d] a

20  formal policy of providing meal and rest periods."  Id.  In the

21  instant case, unlike the Plaintiff's allegations found

22  sufficient in Varsam, Plaintiff does not allege Walmart was

23  short staffed.  Plaintiff has once again failed to "plead enough

24  facts to state a claim for relief that is plausible on its

25  face."  Twombly, 550 U.S. at 570.  The Court DISMISSES

26  Plaintiff's minimum wage claim WITH PREJUDICE.

27          b.  Overtime

28      Employers must pay overtime for work exceeding eight hours

1  in one workday and forty hours in any workweek.  <u>See</u> Cal. Lab.

2  Code § 510.  Employees receiving less than the "legal overtime"

3  can likewise recover under Section 1194.  <u>Id.</u> at § 1194.

4      Defendants argue Plaintiff's overtime claim should be

5  dismissed because she "<u>still</u> [does] not provide[] any specific

6  details regarding the nature of her alleged 'off the clock' work

7  . . . and why she felt she had no choice but to secretly work

8  off the clock."  Mot. at 11.  They further contend "if

9  [Plaintiff] is alleging that she was secretly working off the

10  clock . . . her allegation fails as a matter of law."  <u>Id.</u> at

11  11-12 (citing <u>White v. Starbucks Corp.</u>, 497 F. Supp. 2d 1080,

12  1085 (N.D. Cal. 2007)).  Defendants argue that to prevail on her

13  off-the-clock claim, Plaintiff must prove Walmart "had actual or

14  constructive knowledge of [her] alleged off-the-clock work."

15  <u>White</u>, 497 F. Supp. 2d 1083.  However, as Plaintiff points out,

16  proving whether Walmart had knowledge of her off-the-clock work

17  is irrelevant.  Opp'n at 7.  Unlike in <u>White</u>, before the Court

18  is a motion to dismiss, not a motion for summary judgment.  <u>Id.</u>

19  At this stage, the Court is only concerned with whether

20  Plaintiff's claims are plausible.  <u>Twombly</u>, 550 U.S. at 570.

21      Nevertheless, Defendants are correct that Plaintiff's

22  overtime claim allegations are conclusory.  As the Court stated

23  in its Order, Plaintiff need not "approximate the number of

24  hours worked without compensation."  Order at 7 (quoting

25  <u>Landers</u>, 771 F.3d at 646).  But "she must allege, <u>at a minimum</u>,

26  that she worked more than forty hours in a given workweek

27  without overtime compensation."  <u>Id.</u> (quoting <u>Landers</u>, 771 F.3d

28  at 644-46).  In interpreting the parameters within this range,

1  courts "have offered varying and possibly inconsistent standards

2  for stating [these claims]."  Morelli, 2018 WL 6201950, at *4

3  (quoting Sanchez v. Ritz Carlton, No. 15-cv-3484 PSG (PJWx),

4  2015 WL 50009659, at *2 (C.D. Cal. Aug. 17, 2015)).  Despite

5  these inconsistent standards, it is clear "there must be

6  something beyond conclusory allegations that ties the alleged

7  [L]abor [C]ode violation to [Plaintiff] such as allegations

8  about [her] schedule[] to substantiate [she] worked [overtime]

9  shifts that would trigger overtime pay[.]"  Id.

10      Plaintiff amended her claim in an attempt to meet the bare

11  minimum pleading requirements.  She now alleges working at least

12  "on more than one occasion . . . more than eight (8) hours in a

13  given workday . . . and more than forty (40) hours in a given

14  workweek without being paid overtime compensation."  Compl.

15  ¶ 39.  But Plaintiff's amendments stop there.  There is no

16  allegation that "ties" the alleged overtime violation together

17  with the statute to make her claim plausible.  Morelli, 2018 WL

18  6201950, at *4. Plaintiff's amended overtime claim still lacks

19  key facts and specific detail necessary to support this claim.

20  The Court therefore DISMISSES Plaintiff's overtime claim WITH

21  PREJUDICE.

22          3.   Wage Statement Claim

23      California Labor Code Section 226 itemizes nine categories

24  of information that must be included in a wage statement.  See

25  Cal. Lab. Code § 226.  If an employee suffers injury by an

26  employer's knowing and intentional failure to provide such

27  information, she is entitled to recover damages and reasonable

28  attorney's fees.  Id.

1    The Court previously dismissed Plaintiff's wage statement

2  claim in part because it was a "generic allegation [that] merely

3  restate[d] the requirements of Labor Code Section 226(a)."

4  Order at 9.  Defendants argue Plaintiff once again merely

5  restates the statute requirements, without explaining "how her

6  wage statement supposedly violates the code."  Mot. at 12.

7  Plaintiff contends her claim is properly pled.  Opp'n at 8.

8    In the SAC, Plaintiff still includes the allegation the

9  Court found to be a mere restatement of Section 226(a)

10  requirements.  See SAC ¶ 50.  However, Plaintiff also provides

11  three factual allegations elaborating on that generic

12  allegation.  See SAC ¶¶ 51-53.  Defendants argue these are not

13  new allegations.  Reply at 3.  Rather, they contend Plaintiff

14  merely copied paragraphs from the fact section of her FAC and

15  placed them in her amended Wage Statement claim.  Id.  But

16  whether Plaintiff repurposed allegations is irrelevant.  What

17  matters is whether such repurposing has transformed her previous

18  implausible claim into one that is "plausible on its face."

19  Twombly, 550 U.S. at 570. (2007).  The Court will address

20  Plaintiff's three factual allegations in turn.

21              a.   Overtime Incentive Program

22    First, Plaintiff alleges her payment for an overtime

23  incentive program was "a lump sum without setting forth the

24  corresponding hours worked or hourly rate."  SAC ¶ 51.  This

25  allegedly prevented her from "determin[ing] the formula

26  Defendant had used to calculate the [overtime incentive payment]

27  from her wage statement alone."  Id.  Plaintiff argues such a

28  hindrance is a "wage statement violation" under Section

1  226(a)(9).  Id.  Indeed, the statute requires employers to

2  provide "semimonthly or at the time of each payment of wages,"

3  "all applicable hourly rates in effect during the pay period and

4  the corresponding number of hours worked at each hourly rate by

5  the employee."  Cal. Lab. Code § 226(a)(9).

6      But Defendants argue this allegation cannot support a

7  Section 226(a) violation because it was for "a prior pay

8  period."  Mot. at 13.  They maintain "Section 226(a) only

9  requires the wage statement to show the 'applicable hourly rates

10  in effect during each pay period.'"  Id. (quoting Cal. Lab. Code

11  § 226(a)).  Plaintiff argues the statute requires wages for the

12  period in which the compensation is actually paid.  Opp'n at 9-

13  10 (citing Mitchell v. Corelogic, Inc., No. SACV172274DOCDFMX,

14  2019 WL 7172978, at *5 (C.D. Cal. Nov. 20, 2019)).

15      In Mitchell, the court determined "[Section 226(a)] does

16  not provide an exception for incentives that were earned in a

17  different pay period."  2019 WL 7172978, at *5.  Instead, "the

18  statute requires the applicable rates to be noted when they are

19  in effect," which is "when the wages are actually paid."  Id.

20  The court further explained "because [d]efendant is paying

21  [p]laintiffs an incentive for work done in a prior period,

22  [d]efendant is in essence revising the prior period's wage

23  statement which would otherwise have had to conform with

24  [Section]226(a)(9)."  Id.  It thus concluded the Section

25  "applies to the wage statement for payments made during the pay

26  period even if work was done before the pay period."  Id.

27      While Mitchell is not binding authority, the Court is

28  persuaded by its reasoning.  Moreover, Defendants did not

11

1   present any authority to the contrary.  The Court therefore

2   adopts <u>Mitchell</u>'s reasoning: Section 226(a)(9) required

3   Defendants to identify the hourly rates for the rates of

4   Plaintiff's overtime incentive payment, even though the work was

5   done before the pay period.

6                   b.   <u>Statement of Final Pay</u>

7        Second, Plaintiff alleges "her 'Statement of Final Pay' did

8   not include pay period start and end dates, and consequently,

9   [she] could not determine the formula for calculating her final

10  pay from her wage statement alone."  SAC ¶ 53.  Indeed, Section

11  226(a) requires employers to provide "the inclusive dates of the

12  period for which the employee is paid."  Cal. Lab. Code.

13  § 226(a)(6).

14       However, Defendants dispute the law requires them "to

15  provide anything more than 'an ordinary wage statement.'"  Reply

16  at 3 (citing Cal. Lab. Code § 226(a)).  Yet the Statute does not

17  delineate an employer must only provide an "ordinary wage

18  statement" as Defendants contend.  <u>See</u> <u>Id.</u>  In fact, the term

19  "ordinary wage statement" is nowhere to be found in the

20  statute's text.  <u>See</u> <u>Id.</u>  Instead, Section 226(a) explicitly

21  states an employer must provide the nine categories of

22  information either "semimonthly or at the time of <u>each payment</u>

23  <u>of wages</u>."  <u>See</u> <u>Id.</u> (emphasis added).  Accepting Plaintiff's

24  allegation as true, it is clear the "Statement of Final Pay" was

25  a payment of "all wages earned through the date of termination."

26  SAC ¶ 53.  Defendants were thus required under Section 226(a)(6)

27  to include pay period start or end dates.  Cal. Lab. Code

28  § 226(a)(6).

1

c.   Wrong Employer

2    Lastly, Plaintiff argues her wage statements list the wrong

3 employer in violation of Labor Code Section 226(a)(8).   SAC

4 ¶ 52.   Section 226(a)(8) requires an employer to list "the name

5 and address of the legal entity that is the employer."   Cal.

6 Lab. Code § 226(a)(8).

7    In her SAC, Plaintiff alleges the wage statement listed

8 "Wal-Mart Associates, Inc." instead of the name of her actual

9 employer "Wal-Mart Stores, Inc."   Id.   But in her Opposition,

10 Plaintiff claims this allegation was a typo.   Opp'n at 10-11.

11 Instead, she supposedly meant to state it was the absence of

12 "'Walmart, Inc."—not of "Wal-Mart Stores, Inc."— from her wage

13 statements that constitutes a violation.   Id.

14    Defendants argue this clarification "misses the point"

15 because Plaintiff "explicitly alleges Walmart Associates, Inc.

16 is her employer."   Reply at 3 (citing SAC ¶ 3).   Indeed, in

17 paragraph 3 of her Second Amended Complaint, Plaintiff alleges

18 she was "a former employee of DEFENDANTS."   SAC ¶ 3.   Plaintiff

19 defines "DEFENDANTS" as "WALMART, INC." and "WAL-MART

20 ASSOCIATES, INC."   SAC ¶¶ 13-14.   But this alone is insufficient

21 to dismiss Plaintiff's claim.

22    Mays v. Wal-Mart Stores, Inc. addressed this exact

23 question: whether listing "Wal-Mart Associates, Inc." prevented

24 plaintiff from identifying her employer.   354 F. Supp. 3d 1136,

25 1142-1144 (C.D. Cal. 2019).   In reaching its conclusion, the

26 Mays court examined a Ninth Circuit decision that addressed a

27 similar question.   Id. at 1143-1144 (examining Elliot v.

28 Spherion Pac. Work, LLC, 368 F. App'x 761, 764 (9th Cir. 2010)).

1    In _Elliot_, the Ninth Circuit found listing an employer as

2    "Spherion Pacific Work, LLC" instead of the employer's legal

3    name, "Spherion Pacific Workforce, LLC," was such a "slightly

4    truncated name, it did not violate Section 226." _Id._  But in

5    _Mays_, the court interpreted this holding to find the opposite

6    conclusion.  354 F. Supp. 3d at 1144.  The court found listing

7    "Wal-Mart Associates, Inc.," instead of "Wal-Mart Stores, Inc."

8    was more than a slightly truncated name.  _Id._  However, it only

9    found this was "confusing and unintelligible" because the

10   plaintiff had provided "at least some evidence that multiple

11   legal entities" were using the same initial "Walmart" in their

12   company titles.  _Id._  Here, Plaintiff has provided no such

13   evidence.  Unlike the plaintiff in _May_, "Plaintiff has [not]

14   alleged sufficient facts to show Walmart did not list the 'legal

15   entity' of [her] employer."  _Id._

16                    d.   Conclusion

17        The Court finds Plaintiff has properly alleged a wage

18   statement violation under Labor Code Sections 226(a)(6) and (9),

19   but not under Section 226(a)(8).  The Court therefore DENIES

20   Defendants' motion to dismiss Plaintiff's Wage Statement claim

21   as it pertains to those two Sections.

22              4.   Unreimbursed Business Expenses Claim

23        Employers must indemnify employees for all necessary

24   expenditures or losses incurred in direct consequence of the

25   discharge of an employee's duties or in obedience to the

26   directions of the employer.  See Cal. Lab. Code § 2802(a).

27        Plaintiff seeks reimbursement for two incurred expenses:

28   (1) a cell-phone app utilized for work communication, and

                                14

1   (2) work boots for working in walk-in freezers.  SAC ¶ 58.  The

2   Court previously dismissed this claim because Plaintiff had

3   "fail[ed] to explain whether the cell-phone app required a fee

4   to download, let alone whether Walmart even knew that she

5   downloaded [the] app or purchased [the] boots."  Order at 11.

6   Defendants argue Plaintiff's claim fails for the same reasons.

7   Mot. at 14-15.  The Court agrees as to the work boot allegation

8   but finds Plaintiff has properly pled the claim as to her phone

9   app allegation.

10                  a.   Phone App

11       In its Order, the Court found Plaintiff's cell phone app

12   allegation was insufficiently pled partly because she failed to

13   allege it required a fee to download.  Order at 11.  Plaintiff

14   still does not allege this.  See SAC ¶ 58.  In fact, she

15   maintains such an allegation is not necessary.  Opp'n at 12.

16   Plaintiff supports this argument with a case that was absent in

17   her opposition to the first motion to dismiss.  See Opp'n at 12

18   (citing Cochran v. Schwan's Home Serv., Inc., 228 Cal. App. 4th

19   1137, 1140 (2014)).  Defendants do not reply to this argument.

20   See Reply at 3-4.

21       In Cochran, an employee filed a putative class action

22   against his employer on behalf of customer service managers that

23   were not reimbursed for expenses pertaining to the work-related

24   use of their personal cell phones.  228 Cal. App. 4th 1140.  The

25   court found Section 2802 required employer's to "always"

26   reimburse an employee "for the reasonable expense of the

27   mandatory use of a personal cell phone."  Id. at 1144.  Here,

28   Plaintiff alleges because she was required to use her cell phone

15

1  in order to communicate with Defendants through that app, she is

2  likewise entitled to reimbursement under Section 2802.  Opp'n at

3  12 (quoting SAC ¶ 58).  The Court agrees.

4      In interpreting state law, federal courts must consider

5  intermediate state appellate court decisions, "unless it is

6  convinced by other persuasive data that the highest court of the

7  state would decide otherwise . . . ."  West v. American Tel. &

8  Tel. Co., 311 U.S. 223, 237 (1940).  As such, although Cochran

9  involved class certification and not a motion to dismiss, the

10 Court must consider its decision.  Especially since Defendant

11 provides no other persuasive case to the contrary.

12     The Court previously found this allegation also failed

13 because Plaintiff did not provide a "single instance when such a

14 cost was actually incurred and not reimbursed."  Order at 11.

15 In light of Cochran, the Court no longer finds Plaintiff needs

16 to allege such an instance.  The Court therefore now finds

17 Plaintiff has properly plead the reimbursement claim as to her

18 phone app allegation.

19                 b.   Work Boots

20     In its Order, the Court also found Plaintiff's

21 reimbursement claim failed as to her work boots allegation.

22 Order at 10-11.  Specifically, the Court found it failed because

23 Plaintiff did not allege "Walmart even knew that she . . .

24 purchased these boots" or that there was at least a single

25 instance in which Walmart did not reimburse her for the boots.

26 Id. at 11.  Yet instead of rectifying her claim by adding those

27 allegations, Plaintiff simply chose to add the cost of the

28 boots: $14.  SAC ¶ 58.

1   This new fact does not correct the deficiencies the Court

2   highlighted in its Order.  For example, Plaintiff still fails to

3   show Walmart knew she purchased the boots.  Plaintiff argues

4   such an allegation "can be reasonably inferred" because "an

5   employee would need to purchase special shoes for working in the

6   intemperate environment of a freezer."  Opp'n at 12.  But the

7   case she relies on to support this contention holds otherwise.

8   Id. at 11 (citing Tan v. GrubHub, Inc., 171 F. Supp. 3d 998,

9   1005 (N.D. Cal. 2016)).  In Tan, the court stated "Section 2802

10  claims are sufficiently pled where the complaint identifies the

11  particular expenses that were not reimbursed and affirmatively

12  alleges that the expenses were part of the plaintiff's job

13  duties."  Tan, 171 F. Supp. at 1005.  Yet, in the instant case,

14  Plaintiff fails to affirmatively allege the boots were required

15  as part of her job duties, even when she cites that specific

16  rule in her brief.  See Opp'n at 11.

17      In Tan, the plaintiff did not need an affirmative

18  allegation because it was obviously inferred "an app-based

19  delivery service requires a vehicle and a phone and thus

20  expenses related to each."  171 F. Supp. at 1005.  As Defendants

21  point out, Plaintiff's job duties do not reasonably infer she

22  required work boots.  Reply at 4.  Plaintiff was "a produce

23  associates whose duties included 'maintaining the sales floor,

24  stocking merchandise, data entry, assisting customers, and

25  general manual labor throughout the store.'"  Id.  Based on this

26  description, the need for work boots is not an obvious

27  inference.  Plaintiff therefore needed to affirmatively allege

28  the boots "were necessary to discharge [her] duties."  171 F.

17

1  Supp. at 1005.  Without such an affirmative allegation,

2  Plaintiff's reimbursement claim as to the work boots fails.

3                    c.   Conclusion

4      The Court DENIES Defendants' motion to dismiss Plaintiff's

5  unreimbursed business expenses claim only to the extent it is

6  predicated on her cellphone app allegation.

7           5.   Derivative Claims

8      Defendants seek to dismiss Plaintiff's claims under Labor

9  Code Section 203, the UCL, and PAGA.  The Court will discuss

10  each claim in turn.

11              a.   Section 203 Claim (Fifth Cause of Action)

12      Section 203 provides an employee may recover wages in the

13  form of a penalty, if an employer fails to pay them upon

14  termination.  Cal. Lab. Code § 203.  In her fifth cause of

15  action, Plaintiff alleges Defendants failed to pay her wages in

16  accordance with Sections 201 and 202, which in turn violates

17  Section 203.  SAC ¶¶ 43-45.  Sections 201 and 202, require an

18  employer to pay an employee all "wages earned and unpaid" within

19  72 hours of termination.  Cal. Lab. Code §§ 201-202.

20      Defendants argue Plaintiff's Section 203 claim fails

21  because her underlying claims fail.  Mot. at 15.  While

22  Plaintiff does not specify, it is presumed this cause of action

23  is predicated on her overtime and minimum wage claims.  See SAC

24  ¶ 43 ("DEFENDANTS have willfully failed to pay accrued wages and

25  other compensation to PLAINTIFF").  Because those claims fail,

26  this cause of action fails as well.  The Court DISMISSES the

27  fifth cause of action WITH PREJUDICE.

28  ///

                              18

1                    b.   UCL Claim

2         Defendants argue Plaintiff's UCL claim fails because all

3    the underlying claims must be dismissed.  Mot. at 15.  As

4    explained above, some of the claims upon which the UCL claim is

5    predicated are adequately pled.  Specifically, the Court finds

6    that in the SAC Plaintiff has properly pled the underlying

7    claims alleging "[Defendants] failure to . . . furnish accurate

8    itemized wage statements . . . and indemnify [Plaintiff] for

9    necessary expenditures."  SAC ¶ 61.  Accordingly, the Court

10   DENIES Defendants' motion to dismiss Plaintiff's UCL claim to

11   the extent it is predicated on wage statement and

12   indemnification violations.

13                    c.   PAGA Claim

14        As set forth above, Plaintiff has properly pled two of the

15   underlying claims upon which her PAGA claim is based on: wage

16   statement and indemnification claims.  SAC ¶ 68.  The Court

17   therefore turns to Defendants' argument that the PAGA claim

18   should be dismissed under PAGA's exhaustion requirement.  Mot.

19   at 16.

20        California Labor Code Section 2699.3 requires an "aggrieved

21   employee or representative" to give written notice to the Labor

22   and Workforce Development Agency ("LWDA") by online filing and

23   to the employer by certified mail, prior to commencing a civil

24   suit.  Cal. Lab. Code. § 2699.3.  The written notice must

25   include "the specific provisions of [the Labor Codes] alleged to

26   have been violated, including facts and theories to support the

27   alleged violation."  Id.  This notice requirement "is evaluated

28   according to a different standard than the allegations in a

19

1  complaint." <u>Lyter v. Cambridge Sierra Holdings, LLC</u>, No.

2  CV173435MWFAGRX, 2017 WL 8186044, at *7 (C.D. Cal. July 25,

3  2017).  The Ninth Circuit has specified "a string of legal

4  conclusions with no factual allegations or theories of liability

5  to support them" is insufficient to provide proper notice to

6  either the LWDA or to an employer.  <u>Alcantar v. Hobart Service</u>,

7  800 F.3d 1047, 1057 (9th Cir. 2015).

8       Defendants argue it is "impossible to assess" whether

9  Plaintiff even met these notice requirements because she has

10  "failed to either attach a copy of the PAGA notice letter or

11  substantively plead compliance by supplying the details of her

12  [letter]."  Mot. at 17.  Indeed, Plaintiff has not attached a

13  copy of her PAGA notice letter.  Instead she alleges the

14  following:

15       Pursuant to California Labor Code § 2699.3, [Plaintiff]
       gave written notice on August 31, 2018 by online filing
16       to the [LWDA] and by certified mail to [Walmart, Inc.]
       of the specific provisions of the California Labor Code
17       and IWC Wage Orders alleged to have been violated,
       including the facts and theories to support the alleged
18       violations.

19

20  SAC ¶ 68.  Plaintiff argues this alone is sufficient proof she

21  has satisfied the notice requirement.  Opp'n at 14.  She relies

22  on <u>Lyter</u>, to argue Defendants' are "improperly bootstrapping the

23  LWDA's administrative standard to this Court's pleading standard"

24  despite their distinct differences.  <u>Id.</u> (citing <u>Lyter</u>, 2017 WL

25  8186044, at *7).  But in <u>Lyter</u>, the plaintiff actually attached

26  the notice letter.  2017 WL 8186044, at *7.  The Court was thus

27  able to determine the sufficiency of the facts and theories, and

28

1  ultimately allowed the PAGA claim to proceed.  Id.  Here, the

2  Court is unable to make the same determination.

3      In Varsam, the plaintiff also did not attach the notice

4  letter and provided a similar bare-bones allegation in her

5  complaint.  120 F. Supp. 3d 1173.  The plaintiff merely alleged

6  "[prior] to the commencement of [her] action, [she] properly

7  complied with the exhaustion requirements of the LWDA."  Id.

8  Because the plaintiff's allegation did not state the facts and

9  theories she provided to LWDA, the court found the allegation was

10 a "legal conclusion, insufficient to support a claim."  Id.

11 Here, Plaintiff's claim suffers from these same shortcomings.

12 Yet she attempts to argue this pleading requirement is a mere

13 suggestion, because the Varsam court used the word "should" to

14 modify "include," instead of the word "must."  Opp'n at 14.

15 While creative, Plaintiff's textualist argument does not succeed

16 in gaslighting the Court.

17     Without including the facts and theories Plaintiff provided

18 to LWDA in her complaint, the Court cannot "independently

19 conclude that [she] has satisfied the requirements of the statute

20 as a matter of law."  Kemp v. International Business Machines

21 Corp., No. C-09-4638 MHP, 2010 WL 4698490, at *3 (N.D. Cal. Nov.

22 8, 2010)(similarly dismissing plaintiff's PAGA claims for

23 "insufficiently ple[ading] compliance with PAGA's administrative

24 requirements").  The Court therefore DISMISSES Plaintiff's PAGA

25 claims WITH PREJUDICE.

26         6.  Amendment

27     Plaintiff contends she is entitled to leave to amend unless

28 it is clear the pleading cannot be cured by the allegation of

1  additional facts.  Opp. at 15 (citing Cook v. Perkiss and Liehe,

2  Inc. v. Northern Cal. Collection Serv., Inc., 911 F.2d 242, 247

3  (9th Cir. 1990)).  As Defendants point out, Plaintiff has had

4  three chances to amend her complaint and has failed to rectify

5  most of the deficiencies the Court pointed out in its November

6  2019 Order.  Mot. at 7.  Specifically, the Court finds Plaintiff

7  has failed to cure her First, Second, Third, Fourth, Fifth and

8  Ninth Causes of Action.  The Court finds further amendment of

9  these claims would be futile and unduly prejudicial to Defendants

10 since she has had multiple opportunities to properly state her

11 claims.  See Lesnik v. Eisenmann SE, 374 F. Supp. 3d 923, 950

12 (N.D. Cal. 2019).  Plaintiff's request for leave to amend is

13 therefore denied.

14

15                        III.   ORDER

16      For the reasons set forth above, the Court GRANTS in part

17 and DENIES in part Defendant's Motion to Dismiss as follows:

18      1.   GRANTED as to Plaintiff's First, Second, Third, Fourth,

19 Fifth, and Ninth Causes of Action, which are dismissed with

20 prejudice; and

21      2.   DENIED (with limitations) as to Plaintiff's Sixth,

22 Seventh, and Eight Causes of Action.

23      3.   Defendants shall file their Answer to the remaining

24 claims in the SAC within twenty days of this Order.

25      IT IS SO ORDERED.

26 Dated: April 14, 2020

27

28
                                        JOHN A. MENDEZ,
                                        UNITED STATES DISTRICT JUDGE

                              22